UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ELAINA ARAMBURU,                                   :    02 CV 6535 (ARR)
                                                   :
                    Plaintiff,                     :    <u>NOT FOR</u>
                                                   :    <u>PUBLICATION</u>
      -against-                                    :
                                                   :    <u>OPINION AND ORDER</u>
HEALTHCARE FINANCIAL SERVICES,                     :
                                                   :
                    Defendant.                     :
-------------------------------------------------------------- X

ROSS, United States District Judge:

Plaintiff Elaina Aramburu ("Aramburu" or "plaintiff") has brought suit against Healthcare Financial Services, Incorporation ("Healthcare" or "defendant") alleging a violation of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1629 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff brings this suit as a putative class action on behalf of all similarly situated consumers. Plaintiff has moved for summary judgment, and defendant has cross-moved for summary judgment. Plaintiff also moves for class certification. For the reasons stated below, the court grants plaintiff's motion for summary judgment and denies defendant's cross-motion for summary judgment. The court also grants plaintiff's motion for class certification.

## BACKGROUND

Plaintiff is a consumer who allegedly incurred a personal debt to Transcare, doing business as Metrocare, in the amount of $362. On November 5, 2002, Healthcare, a collection

agency, sent a collection letter to Aramburu, the legality of which is disputed here. The body of the letter stated:

> PAYMENT DUE IMMEDIATELY.
>
> THIS ACCOUNT HAS BEEN ASSIGNED TO OUR OFFICE FOR COLLECTION.
>
> IF YOUR CHECK OR MONEY ORDER IS NOT RECEIVED IN THIS OFFICE WITHIN 30 DAYS WE SHALL RECOMMEND FURTHER ACTION BE TAKEN AGAINST YOU TO COLLECT THIS OUTSTANDING BALANCE.
>
> NOTE: THAT WE HAVE THE RIGHT TO REPORT THIS DEBT TO THE APPROPRIATE CREDIT BUREAU WHICH MIGHT HAVE A NEGATIVE IMPACT ON YOUR CREDIT RATING. MAKE YOUR CHECK OR MONEY ORDER PAYABLE TO HEALTHCARE FINANCIAL SERVICES.

Complaint Ex. A. In addition, the letter contained the following language below a dotted line:

> PLEASE READ BELOW
> THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
>
> IN COMPLIANCE WITH THE PROVISIONS OF PARAGRAPH 809 OF THE CUSTOMER CREDIT PROTECTION ACT, AMENDMENTS, YOU ARE HEREBY NOTIFIED OF THE FOLLOWING:
>
> UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.
>
> IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT [sic] AND MAIL YOU A COPY OF SUCH JUDGEMENT [sic] OR VERIFICATION.
>
> IF YOU REQUEST FROM THIS OFFICE IN WRITING , WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

Id.

Plaintiff claims that defendant violated the FDCPA in that the validation notice required by the statute (i.e., notice of the means by which to challenge the validity of the debt) is overshadowed by a contradictory statement and therefore violates 15 U.S.C. § 1962g by presenting the validation information in an unclear and ineffective manner. Accordingly, Aramburu commenced this action on December 23, 2002. Healthcare answered and counterclaimed, apparently on the basis of 15 U.S.C. § 1692k(a)(3), that plaintiff had initiated the action in bad faith. These cross-motions for summary judgment followed.

## DISCUSSION

I. Class Action Certification

Plaintiff moves for certification of a nationwide class defined as: "all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as of the date of plaintiff's complaint." Complaint at 2. In order to certify a class, a litigant must meet the four requirements of Rule 23(a) of the Federal Rules of Civil Procedure and demonstrate that the proposed class action fits into one of the three categories described in Rule 23(b) of the Federal rules. See Green v. Wolf Corp., 406 F.2d 291, 298 (2d Cir. 1968). Although plaintiff has the burden of proving that its proposed class is appropriate for certification, the plaintiff is not obliged to make an extensive evidentiary showing in support of its motion. Vega v. Credit Bureau Enterprises, No. 02 Civ. 1550 (DGT), 2005 WL 711657, *2 (E.D.N.Y. March 29, 2005). A court considering a motion for class certification must accept the allegations in the complaint as true and should not conduct a preliminary

inquiry into the merits of the action. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974). The law in the Second Circuit favors the liberal construction of Rule 23, however, and courts may exercise broad discretion when they determine whether to certify a class. D'Alauro v. GC Servs. Ltd. Partnership, 168 F.R.D. 451, 454-55 (E.D.N.Y. 1996).

A. Requirements of Rule 23(a)

In pertinent part, Fed. R. Civ. P. 23(a) provides that:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claim or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Each of these requirements will be addressed in turn.

1. Numerosity

The numerosity requirement is satisfied when the class is large enough to make ordinary joinder of all members impractical. Fed. R. Civ. P. 23(a)(1). The plaintiff is not obligated to identify the exact number of class plaintiffs. see Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993), and "courts may 'make common sense assumptions' to support a finding of numerosity." Weissman v. ABC Fin. Servs., Inc., 203 F.R.D. 81, 84 (E.D.N.Y. 2001) (quoting Pecere v. Empire Blue Cross and Blue Shield, 194 F.R.D. 66, 69 (E.D.N.Y. 2000)). Nevertheless, a plaintiff seeking class certification "must show some evidence of or reasonably estimate the number of class members." Pecere, 194 F.R.D. at 70 (internal quotation marks and citation omitted). Generally, numerosity is presumed when a class is comprised of forty members or more. Robidoux, 987 F.2d at 936.

Plaintiff does not allege the total number of individuals included in the proposed class, stating only that the class is composed of all consumers who received the "form letter" including the language "payment due immediately." Some courts within this circuit have refused to find the numerosity requirement to have been established where the plaintiff did little more than speculate that, because the cause of action was based on a form letter, there must be numerous similarly situated parties. Wilner v. OSI Collection Services, Inc., 198 F.R.D. 393, 397 (S.D.N.Y. 2001); Weissman, 203 F.R.D. at 84. The instant case is distinguishable from those cases. The court finds it appropriate to assume that the number of potential class members satisfies the numerosity requirement where, as here, the defendant used standardized forms in collecting debts and evidence in the record reflects that the potential class members number in the thousands.

Defendant contends that plaintiff has not established numerosity, arguing that the only evidence plaintiff has submitted in support of a finding of numerosity is the single collection letter she received and defendant's deposition statement that 114,779 new accounts were placed with defendant over the one and one-half year period from December 2001 until July 2003. Defendant makes a number of arguments seeking to explain that the number of collection letters containing the above-mentioned language is substantially smaller than 114,779. Defendant admits, however, that it used the form letter containing this language for a period of approximately two to four months. Defendant's Affidavit in Opposition to Plaintiff's Notice of Motion for Class Certification at 8. Defendant's deposition testimony also suggests that, during a one year period, defendant sends out tens of thousands of collection letters. Deposition Transcript of John G. Chipko at 38-40. One can approximate, therefore, that

defendant likely sent out several thousand of the form letters in question. The court notes that plaintiff is unable to estimate the class size with any greater degree of specificity in large part because defendant provided only general answers to plaintiff's interrogatories during discovery, stating that it could not determine the number of consumers to whom the letter including the "immediate payment" language was sent. In any event, based on the deposition testimony, the court concludes that it is reasonable to infer, even if the letter including the language in question were only used during a period of several months, that many individuals received the form collection letter and that joinder of all the individuals would be impracticable.

### 2. Commonality

To meet the commonality requirement, the plaintiff must demonstrate that common questions of law or fact are at the core of the cause of action. Fed. R. Civ. P. 23(a)(2). "In cases like this one where FDCPA plaintiffs have received similar debt collection letters from the defendant's mailing as the basis of the lawsuit, courts have found common questions of law or fact sufficient to certify the class." Vega, 2005 WL 711657 at *3 (internal quotation marks and citations omitted); Macarz v. Transworld Systems, Inc., 193 F.R.D. 46, 49 (D.Conn. 2000) ("Courts have previously found common questions of law or fact sufficient to certify a class where FDCPA plaintiffs alleged the receipt of the same or similar collection letter as the basis of the lawsuit."). Whether the contents of the defendant's debt collection letter received by members of the prospective class violated the FDCPA is the overriding legal question in this case. This standardized conduct weighs heavily in favor of a finding of commonality.

D'Alauro, 168 F.R.D. at 456. The court concludes that plaintiff has satisfied this prong of Rule 23.

3. Typicality

The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." In re Drexel Burnham Lambert, 960 F.2d 285, 291 (2d Cir. 1992). Here, plaintiff's claims arise from the same conduct that gives rise to the proposed class claim, that defendant's letter violates the FDCPA. As a result, the members of the proposed class will invoke the identical legal theory. Accordingly, the typicality requirement is met.

4. Fair and Adequate Protection of the Interests of the Class

Finally, to satisfy the fourth requirement of Rule 23(a), plaintiff must demonstrate that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation is a two-pronged inquiry: "[f]irst, class counsel must be qualified, experienced and generally able to conduct the litigation. Second, the class members must not have interests that are antagonistic to one another." D'Alauro, 168 F.R.D. at 457 (internal quotation marks and citations omitted).

Plaintiff has met the first prong of the inquiry. Plaintiff's counsel, the firm Katz & Kleinman, P.L.L.C., are sufficiently experienced and have represented plaintiffs in class actions brought under the FDCPA. Thus, it appears that plaintiff's counsel will adequately represent the interests of the class.

Plaintiff has also met the second prong of the inquiry. Plaintiff claims that there is no conflict or antagonism between plaintiff and the potential class members. "A number of courts

7

that have considered . . . FDCPA class actions challenging form collection letters have found named plaintiffs who received versions of the challenged collection letters to be adequate class representatives for purposes of Rule 23(a)(4)." Harrison v. Great Springwaters of America, Inc., No. 96 Civ. 5110, 1997 WL 469996, *6 (E.D.N.Y. June 18, 1997) (citations omitted). While defendant argues that "plaintiff is not concerned with anyone other than herself in this action," speculating that plaintiff would have settled "without a thought for any other 'class members'" had defendant offered a settlement in an amount higher than the statutory damages, Defendant's Affidavit in Opposition to Plaintiff's Notice of Motion for Class Certification at 10, the court sees no reason to question plaintiff's assertions. Accordingly, the adequacy of representation requirement is met.

B.    Requirements of Rule 23(b)(3)

Once it is determined that a potential class satisfied the requirements of Rule 23(a), the class must be certified under one of the categories set forth in Rule 23(b). Plaintiff seeks to certify the class pursuant to Rule 23(b)(3) and therefore must demonstrate that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Both of these requirements are met in this case. It is clear that questions of law and fact common to the members of the class predominate over any questions affecting only members. It has been recognized in this district that "common questions of law and fact surrounding the contents and mailing of [standardized form debt collection] letters predominate over individual issues." D'Alauro, 168 F.R.D. at 458. Here, the issue of defendant's liability is common to all

8

members of the proposed class and clearly predominates. Consequently, the first prong of Rule 23(b)(3) is satisfied. Moreover, the class action is superior to other available methods for the fair and efficient adjudication of the controversy. "Suits brought under the FDCPA . . . regularly satisfy the superiority requirement of Rule 23." In re Risk Management Alternatives, Inc., 208 F.R.D. 493, 507 (S.D.N.Y. 2002) (citations omitted). Therefore, plaintiff has satisfied both prongs of Rule 23(b)(3).

Having met the Rule 23(a) requirements of numerosity, commonality, typicality, and adequate representation and having qualified under the Rule 23(b)(3) category, the plaintiff class is certified, and the following class definition is adopted: all persons to whom defendant sent initial communications in the form of the November 5, 2002 letter mailed to plaintiff Elaina Aramburu in an attempt to collect a consumer debt as of the date of plaintiff's complaint.

## II. Summary Judgment Standard

Under Rule 56, summary judgment is proper if the pleadings, depositions, answers, interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Proc.56(c). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party," and facts are material to the outcome of the litigation if application of the relevant substantive law requires their determination. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex Corp. v. Cartrett, 477

U.S. 317, 323 (1986). The substantive law determines the facts that are material to the outcome of a particular litigation. See Anderson, 477 U.S. at 250; Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975). In determining whether summary judgment is appropriate, a court must resolve all ambiguities, and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).

If the moving party meets its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Proc. 56(e). The non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. Only when it is apparent that no rational finder of fact "could find in favor of the non-moving party because the evidence to support its case is so slight" should summary judgment be granted. Gallo v. Prudential Residential Servs. Ltd. Partnership, 22 F.2d 1219, 1223 (2d Cir. 1994).

III. Fair Debt Collection Practices Act

Section 1692g(a) of the FDCPA requires that an independent debt collector soliciting payment provide the consumer with a detailed validation notice within five days of the initial communication.[1] "It is not enough for a debt collection agency simply to include the proper

---

[1]Section 1692g(a) provides:
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is

debt validation in a mailing to a consumer." Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996). If "a notice contains language that 'overshadows or contradicts' other language informing a consumer of her rights, it violates the Act." Id. at 34 (quoting Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991)). In making this determination, courts apply "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." Id. (citing Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)). Thus, "[a] debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998) (citing Russell, 74 F.3d at 35); see also DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001) ("Even if a debt collector conveys the required information, the collector nonetheless violates the [FDCPA] if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty."). The Second Circuit has made clear, however, that "'in crafting a norm that protects the naive and the

---

contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

credulous the courts have carefully preserved the concept of reasonableness.'" McStay v. I.C. System, Inc., 308 F.3d 188, 190-91 (2d Cir. 2002) (quoting Clomon, 988 F.2d at 1319). The plaintiff need not prove that the contradiction is threatening. Russell, 74 F.3d at 35.

In Savino, the leading case in the Second Circuit, the debt collector mailed the consumer an initial debt collection notice stating that the consumer must make "immediate payment" or provide "a valid reason" for failure to do so. 164 F.3d at 84. Below the body of the letter, the consumer was further advised, "PLEASE SEE IMPORTANT NOTICE ON BACK," which referred to the validation notice printed on the back of the letter. Id. The Second Circuit found that the debt collector's request for immediate payment did not, standing alone, violate the FDCPA. Rather, the court concluded that the debt collector's "violation of the Act consisted of its decision to ask for immediate payment without also explaining that its demand did not override the consumer's rights under Section 1692g to seek validation of the debt." Id. at 86. The court explained that the debt collector "could have both sought immediate payment and complied with the Act simply by inserting into the text of its letter transitional language that referred the addressee to the validation notice."[2] Id.

---

[2]The court provided the following examples of acceptable language:
Although we have requested that you make immediate payment or provide a valid reason for nonpayment, you still have the right to make a written request, within thirty days of your receipt of this notice, for more information about the debt. Your rights are described on the reverse side of this notice.
Our demand for immediate payment does not eliminate your right to dispute this debt within thirty days of receipt of this notice. If you choose to do so, we are required by law to cease our collection efforts until we have mailed that information to you. Your rights are described on the reverse side of this notice.
Savino, 164 F.3d at 86.

In the instant case, it is undisputed that the November 5, 2002 letter contained a validation notice. The sole issue is whether it was overshadowed or contradicted by other language in the letter. Plaintiff contends that the notice was "overshadowed" by the statement "PAYMENT DUE IMMEDIATELY" at the top of the notice. The court agrees.

The majority of cases in which courts in this circuit have found a statement in a collection letter to "overshadow" the validation notice, in violation of section 1692g, have involved demands for <u>immediate</u> payment as in <u>Savino</u>. See <u>Rumpler v. Phillips & Cohen Assoc., Ltd.</u>, 219 F.Supp.2d 251, 259 (E.D.N.Y. 2002) (collecting cases). As noted above, in <u>Savino</u>, the Second Circuit affirmed the district court's grant of summary judgment in favor of the consumer, finding that the request for immediate payment without "transitional language" explaining that its demand did not override the consumer's statutory rights constituted a violation of section 1692g. 164 F.3d at 85-86. Courts have consistently ruled in favor of plaintiffs where the collection agency demanded payment "immediately" or "at once" without such transitional language. In <u>Sokolski v. Tran Union Corp.</u>, 53 F.Supp.2d 307 (E.D.N.Y. 1999), the district court found that a collection letter demanding payment "at once" overshadowed the validation notice, concluding that it made no difference that the validation notice appeared on the front of the letter as opposed to appearing on the back as in <u>Savino</u>. <u>Id.</u> at 314. The court stated that "[t]he consumer is being told to act immediately . . . while at the same time being told that he has thirty days in which to obtain information regarding the validity of the debt." <u>Id.</u> Similarly, in <u>Unger v. National Revenue Group, Ltd.</u>, No. 99 civ. 3087 (JG), 2000 WL 1897346 (E.D.N.Y. Dec. 8, 2000), the court found language in a collection later stating that "payment in full is due now," without the kind of transitional

13

language required by Savino, "overshadowed" the validation notice. Id. at *3. Courts have thus interpreted Savino to mean that "an immediate demand for payment must be paired with 'transitional language' that might inform the consumer of the statement of her rights in the validation notice." Swift v. Maximus, No. 04 Civ. 216 (JBW), 2004 WL 1576618, *4 (E.D.N.Y. July 15, 2004).

In the instant case, there is a clear demand for immediate payment. "PAYMENT DUE IMMEDIATELY" appears centered on the page in all capital letters. This is the first line of the notice below the perforation separating the portion to be remitted to the agency from the collection letter itself. Although a validation notice is included in the letter, there is no transitional language accompanying the demand and explaining that it does not override the consumer's rights under section 1962g to seek validation of the debt. That the validation notice in this case appeared on the front of the letter, as opposed to that at issue in Savino and Russell, does not compel a finding that the letter complied with the FDCPA. See Sokolski, 53 F.Supp.2d at 314 (concluding that the request for immediate action overshadowed the validation notice notwithstanding that it appeared on the front of the letter). Similarly, that the demand for immediate payment and the validation both appeared on the letter in all capitals and in the same typeface does not undermine the court's conclusion. The demand for immediate payment is conspicuously placed at the top of the letter and centered on the page. More importantly, it is not accompanied by "transitional language" as required by Savino. Based on this omission, the court concludes that Healthcare violated section 1692g by contradicting the validation notice in a manner that would confuse the least sophisticated consumer as to his or her rights.

## CONCLUSION

For the foregoing reasons, the court rules on the parties' motions as follows. Plaintiff's motion for summary judgment with respect to the claim that the November 5, 2002 collection letter violates the validation requirement of the FDCPA, 15 U.S.C. § 1692g, is granted. Defendant's cross-motion for summary judgment seeking dismissal of the complaint on the ground that plaintiff has failed to state a cause of action upon which relief may be granted is denied. Plaintiff's motion for class certification is granted.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: April 14, 2005
Brooklyn, New York

SERVICE LIST:

<u>Attorneys for Plaintiff</u>
Lawrence Katz
Katz & Kleinman
626 EAB Plaza
Uniondale, NY 11556-0626

Abraham Kleinman
Katz & Kleinman
626 EAB Plaza
Uniondale, NY 11556-0626

<u>Attorney for Defendant</u>
David J. Gold
David J. Gold, P.C.
37 East 28th Street, Suite 902
New York, NY 10016