UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ELAINA ARAMBURU, on behalf of
herself and all others similarly situated,

                                      Plaintiff,

          v.

HEALTHCARE FINANCIAL SERVICES,
INC.,

                                      Defendant.
-----------------------------------------------------------------

CV 02 6535 (ARR)(MDG)

Affirmation of
LAWRENCE KATZ ESQ.

Lawrence Katz makes this affirmation in support to the Plaintiff's Motion to (1) find the defendant in contempt of court for its failure to comply with the court's orders and (2) to compel discovery.

1. On December 13, 2002 the Plaintiff filed her Class Action Complaint (the "Complaint") alleging that the defendant a debt collector sent to her a letter that was violative of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"). On April 18, 2005, Judge Allyne R. Ross granted the Plaintiff's motion for class certification and further awarded the certified class summary judgment.

2. With the Class certified, and liability in its favor established, the sole remaining issue is the measure of statutory damages to which the Class is entitled. In addition, to providing for prevailing plaintiff's and the class costs and attorneys' fees, the damages provisions of the FDCPA provides for statutory damages to the class of up to the lesser of $500,000.00 or 1% of the net worth of the defendant. Defendant claims that its net worth for 2003 was somewhere in the nature of $70,000.00 and further claims its net worth for the year 2004 was approximately $44,000.00. See Exhibit A attached. If one adds stockholders distributions the number is somewhat higher. Because the statute

limits the damages for a class to 1% of net worth even after adding stockholder distributions to this number, the damages to the class would be limited to a few thousand dollars. In an effort to corroborate these numbers plaintiff has sought certain discovery.

3. In order to determine the defendant's net worth the plaintiff has attempted to obtain financial information regarding the defendant. The first attempt at obtaining financial documents was made in the form of document requests back on March 26, 2003. Attached as Exhibit B are the requests. On October 17, 2003 the plaintiff moved for production of discovery seeking to have defendant respond to is requests which sought both financial information and a list of class members and their addresses. Attached as exhibit C is that request.

4. On October 22, 2003 the court ordered the defendant to respond to interrogatories 7-9 of the plaintiff's requests for interrogatories. Attached as Exhibit D is the Court's order.

5. On March 26, 2004, plaintiff again requested sanctions complaining that the defendant had failed to give information regarding the class members. A copy of this letter is attached as Exhibit E.

6. On April 30, 2004 the court found that the defendant's responses were inadequate. The court order is attached as Exhibit F. To this date the defendant has still not provided a list of names and addresses of the class members.

7. Plaintiff deposed the defendant in May of 2004 and despite the evasive answers given by the defendant was able to obtain enough information to go forward with its motion for class certification. Ultimately, the court ordered that the class be certified

2

and granted summary judgment for the class on April 18, 2005. Nonetheless, despite the class having been certified defendant has still not produced a list of class members and their addresses. Defendant is in contempt.

8. Defendant has not complied with requests for financial information. Pursuant to the court's instructions we sent a letter outlining the various documents required in order for us to corroborate the net worth of the defendant. Attached as exhibit G is a copy of that letter. At the time of the original motion made on January 16, 2006, we did not have any information regarding the shareholders compensation or transfer of assets nor did we have any corroboration of the financial records. The net worth statements submitted by the defendant are not audited statements. The accountants have simply relied on numbers given to them by the defendant.

9. The plaintiff had not received any bank statements prior to receiving the opposition papers of the defendant on February 15, 2006. Unfortunately, these bank statements are not legible. More importantly glaringly absent from these records is the bank statement relating to the 2003 operating account. In addition, no checks from these statements were included. When the Magistrate pointed this out to Mr. Gold, he had no response.

10. Defendant was also served with a deposition notice but has yet to be produced for a deposition. Defendant claims to be willing to attend a deposition.

11. Plaintiff is seeking a court order, ordering the defendant to immediately produce a lists of all class members and their addresses under pain of sanctions.

12. Plaintiff further is seeking that the court issue an order, ordering the

defendant produce a witness to be disposed with full knowledge of the defendant's finances.

13. Plaintiff is seeking a court order, ordering the defendant to immediately produce statements of all its bank accounts whether client trust or operative from January 2002 up and until the present, together with all cancelled checks relating thereto.

14. Plaintiff is seeking the minutes of the defendant.

15. Plaintiff asks that the defendant be sanctioned for its failure to comply with the directives of the court. Specifically plaintiff is seeking a finding that 1% of the net worth of the defendant be deemed equal to $500,000.00.

Wherefore the plaintiff requests that its motion be granted in all respects.

Dated: March 10, 2006
    Uniondale, New York

Lawrence Katz (0062)
KATZ & KLEINMAN
Attorneys for Plaintiff
626 EAB Plaza
West Tower - Sixth Floor
Uniondale, New York 11556
(516) 522-2621