Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELAINA ARAMBURU, on behalf of
herself and all others similarly situated

                Plaintiff,              No. CV 02 6535 (AAR)(MDG)

    -against-

HEALTHCARE FINANCIAL SERVICES, INC.

                Defendant.
-----------------------------------------------------------------x

**MAR 2 8 2003**

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff hereby requests that each defendant respond to the following requests for admissions, interrogatories and document requests.

Unless otherwise specified in a particular paragraph, the time period covered by this request is December 13, 2001 to the present. If a paragraph asks for information irrespective of date, this limitation does not apply.

If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit 1. If any paragraph of this request is believed to be ambiguous or unduly burdensome, please

contact the undersigned and an effort will be made to remedy the problem.

## INTERROGATORIES

1. Describe in detail the financial and business relationship(s) between defendant and Transcare. Include copies of any written agreements including any retainers.

2. Identify the company who was issued (by the Postal Service) the postage meter used to place postage on the envelope used to mail Exhibit A of the complaint.

3. Identify the company that actually mailed Exhibit A of the complaint.

4. Identify any and all agreements between the defendant and the mailer of Exhibit A of the complaint; include a copy of the agreement.

5. Identify all actions taken by the defendant in an effort to collect the alleged debt owed by the plaintiff. Include the name of any person or entity taking such action, the professional standing and business title as well as the person's expertise. Describe the nature of the action taken.

6. Describe, step-by-step, the process which resulted in Exhibit A of the complaint being transmitted to plaintiff beginning with the date and method of transmission of debtor information to the person that sent it, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

7. State the number of consumers the defendant sent initial collection letters to, which stated "PAYMENT DUE IMMEDIATELY" between December 13, 2001 and the present. Give their names and addresses.

8. State the number of consumers the defendant sent initial collection letters to which stated "PAYMENT DUE IMMEDIATELY", or similar language, between December 13, 2001 and the present. Give their names and addresses.

2

9. State the number of consumers the defendant sent initial collection letters to, which stated "PAYMENT DUE IMMEDIATELY" and which also stated " IF YOUR CHECK OR MONEY ORDER IS NOT RECEIVED IN THIS OFFICE WITHIN 30 DAYS WE SHALL RECOMMEND FURTHER ACTION BE TAKEN AGAINST YOU TO COLLECT THIS OUTSTANDING BALANCE," between December 13, 2001 and the present.   Give their names and addresses.

10. With respect to each expert whom you will or may call upon to give evidence in connection with this case, please state:  (a)  his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e)  a summary of the grounds for each such opinion.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1. All documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to compliance with the Fair Debt Collection Practices Act, or state statute regulating debt collectors.

2. All documents relating to any complaint, criticism or inquiry, by any person, concerning defendant's compliance with the Fair Debt Collection Practices Act, or state statutes regulating debt collection activities, or collection practices generally.

3. One copy of each different form letter defendant sent to debtors.

4. All manuals, policy statements, guidelines and instructional materials furnished to employees that relate to the conduct of collection activities by either defendant.

5. All documents relating to the maintenance by defendant of procedures adapted to avoid any violation of the Fair Debt Collection Practices Act.

6. Defendant's annual financial statements, annual reports, semiannual and quarterly

financial statements and tax returns for the last three years.

7. All documents relating to any judicial or administrative proceeding (irrespective of date) in which defendant was accused of violating the Fair Debt Collection Practices Act, any state statute regulating collection practices, or of committing a tort while engaging in collection activities.

8. All documents (irrespective of date) relating to any claim made against defendant for violating the Fair Debt Collection Practices Act, any state statute regulating collection practices, or of committing a tort while engaging in collection activities.

9. All insurance policies that may afford coverage with respect to the matters complained of.

10. The agreement(s) pursuant to which defendant sought to collect money from plaintiffs.

11. All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Fair Debt Collection Practices Act.

12. All documents transmitted to plaintiff by defendant with respect to the alleged debt of plaintiff.

13. All documents relating to plaintiff, or which are indexed, filed or retrievable under his name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to him or his transaction.

## ADMISSIONS

Please admit the following:

1. The defendant sent over 5, 000 initial collection letters between December 13, 2001 and the present.

2. The defendant sent over 15, 000 initial collection letters between December 13, 2001 and the present.

3. The defendant sent over 50, 000 initial collection letters between December 13, 2001 and the

present.

4. Admit that the defendant sent a letter identical to the one attached as exhibit A of the complaint addressed to "ELAINA ARAMBURU."

5. Admit that the letter attached as exhibit A of the complaint was sent in an effort to collect a debt allegedly owed as a result of medical services performed for Elaina Aramburu.

Dated: Uniondale, New York
       March 26, 2003

Respectfully submitted,

_____
Lawrence Katz (LK-0062)
Katz & Kleinman PLLC
**Attorney for the Plaintiff**
165 EAB Plaza
West Tower, Sixth Floor
Uniondale, New York  11556-0165
(516) 522-2621
(516) 522-2890 (FAX)

5

Exhibit C

# KATZ & KLEINMAN PLLC
ATTORNEYS AT LAW
165 EAB PLAZA
UNIONDALE, NEW YORK 11556-0165

TELEPHONE
(516) 522-2621

FACSIMILE
(516) 522-2890

October 17, 2003

**VIA FACSIMILE ONLY**
Honorable Marilyn Dolan Go
United States District Court Magistrate
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Aramburu v. Healthcare
United States District Court, Eastern District of New York
CV 02 6535 (AAR)(MDG)

Dear Judge Go:

The plaintiff, Aramburu does hereby move pursuant to FRCP 37(b) and (c) for the production of discovery, striking of the answer of the defendant and for costs and attorney fees in connection with the making of this motion. This motion is necessary due to the dilatory tactics of the defendant in its ongoing refusal to produce relevant documents.

This action was commenced on December 13, 2002 by the filing of a class Action Complaint, alleging a violation of the Fair Debt Collections Practices Act (FDCPA). The complaint alleges a single textual violation. Under the statute where a class is certified damages for the class cannot exceed 1% of the defendant's net worth.

On or about March 26, 2003 the plaintiff served upon the defendant various discovery requests including Interrogatories Discovery Requests and Notice to Admit. The defendant failed to answer any of these requests until July 2, 2003. (A copy of the defendant's responses is included herewith.) At that time the defendant was informed that the replies to the demands were wholly inadequate and furthermore that the objections were not timely made. Plaintiff refused to answer any question regarding class issues and further refused to give any information relating to the financials of the defendant.

Hon. Marilyn Dolan Go
October 17, 2003
Page 2

At the last conference your Honor reminded both sides of their obligation to meet and confer as to discovery issues.

In an attempt to confer with Mr. Gold he reiterated to me that he would not be forthcoming with any additional discovery. When I pressed him as to what his position was on specific issues he indicated that his objections were as stated in his response and he would not offer any further information.

In a prospective class action the size and makeup of the class are discoverable. Interrogatories numbered 7, 8, and 9, go directly to this point. The defendant objected to this request based upon the inability of its computer system to produce this statistic. Oddly, when plaintiff was asked in a series of requests to admit to admit that it sent over 5,000 of these letters it denied this admission. Plaintiff would ask that these requests to admit be deemed admitted for failure to answer within thirty days. In addition, this denial is inconsistent with its objection to the request for the number of people who received this letter and in any case the objection is wholly inadequate.

When plaintiff requested the defendant's financials in document request numbered 6, which go to the issue of its net worth, defendant simply refused claiming the documents were not relevant.

Discovery is normally allowed into any matter that bears upon the issues or reasonably could lead to relevant information. Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978). Information need not be admissible as evidence in order to be discoverable. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 29-30, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984). In the Second Circuit, "this obviously broad rule is liberally construed." Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991), citing Oppenheimer, supra, 437 U.S. at 351.

Wherefore plaintiff respectively requests that this motion be granted.

The undersigned does certify that he has conferred in good faith with opposing counsel on these issues.

Lawrence Katz
David J. Gold, Esq (via facsimile)

Exhibit D

## CIVIL CONFERENCE CALENDAR

_X_ STATUS CONFERENCE                              OCTOBER 22, 2003 AT 9:30 A.M.

Before:    MARILYN D. GO, UNITED STATES MAGISTRATE JUDGE

CASE:     ELAINA ARMAMBURU V. HEALTHCARE FINANCIAL SERVICES, INC.,
          CV 2002-6535 (ARR)(MDG)

APPEARANCES:

FOR PLAINTIFF:   Lawrence Katz

FOR DEFENDANT:   David Gold

THE FOLLOWING RULINGS WERE MADE:

Defendant must respond to plaintiff's interrogatories 7-9 by providing information regarding the number of accounts and debtors sent the same initial collection letter as plaintiff for the period from 12/13/01 through 7/2/03.
Plaintiff's opposition to defendant's motion to dismiss must be served by 12/2/03 and defendant's reply by 12/16/03.
The schedule for the class certification motion may be set after resolution of the scope of discovery.

LENGTH OF CONFERENCE:   30 MINS.

Exhibit E

# KATZ & KLEINMAN PLLC
ATTORNEYS AT LAW
165 EAB PLAZA
UNIONDALE, NEW YORK 11556-0165

TELEPHONE
(516) 522-2621

FACSIMILE
(516) 522-2890

March 26, 2004

**VIA FACSIMILE ONLY**
Honorable Marilyn Dolan Go
United States District Court Magistrate
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Aramburu v. Healthcare, CV 02 6535 (AAR)(MDG)**

Dear Judge Go:

Plaintiff is writing to request sanctions against the Defendant. Due to the Defendant's dilatory tactics and its ongoing refusal to produce relevant information concerning the issues surrounding class certification, Plaintiff requests that the Court issue an order pursuant to Fed. R. Civ. P. 37(b) and (c), deeming that the matters at issue be deemed established, that the Defendant be precluded from offering any testimony, that the answer of the Defendant be stricken, and entering a default judgment against the Defendant. The issues to be deemed established relate to the appropriateness of a class action including whether numerosity, typicality, and commonality are present.

This court had previously ordered the Defendant to respond to Interrogatories 7-9 by providing the number of debtors sent the letter in question in this case. Defendant has provided a Supplemental Answer in response to the Court's order. The Supplemental Answer is included herein.

This Supplemental Answer does not respond to the Court's directive in as much as it fails to address the critical question of how many debtors received the letter in question. Instead, it simply gives us general information by giving the number of accounts that the Defendant serviced for its clients during the relevant period of time. It does not specifically address the question of how many initial contact letters were sent during this period of time.

Although it would seem that the defendant uses the same initial contact letter for all the accounts it services, and furthermore, it would seem from the answer of the Defendant

# KATZ & KLEINMAN PLLC
ATTORNEYS AT LAW

Honorable Marilyn D. Go
March 26, 2004
Page 2

that all 114,779 accounts it serviced during the relevant time frame, were sent an initial contact letter, the Defendant has specifically avoided directly answering this question. Defendant's dilatory tactics have prevented the Plaintiff from moving for class certification. For the foregoing reasons pursuant to Rule 37(b)(2) and (c) the Plaintiff should be awarded attorney fees and costs incurred in connection with this motion.

The Plaintiff has made various attempts to have the Defendant provide this information. Each time the Defendant's counsel has simply referred to the written responses of Defendant. Finally, the Court ordered the Defendant to respond to the inquiries which resulted in the Supplemental Answer. Must recently I conversed with an attorney from Mr. Gold's office in regard to this issue on February 27, 2004. I requested that Defendant provide this information and further indicated that there were many ways that Defendant could extrapolate this information from its records. I have not heard from the Defendant's counsel.

It is clear that the Defendant has intentionally failed to abide by the Court's order.

Sincerely,

Lawrence Katz

cc. David Gold, Esq.

Enclosures as stated

Exhibit F

Case 1:02-cv-06535-MDG   Document 50-4   Filed 03/10/06   Page 15 of 16 PageID #: 383

# KATZ & KLEINMAN PLLC
ATTORNEYS AT LAW
165 EAB PLAZA
UNIONDALE, NEW YORK 11556-0165

TELEPHONE
(516) 522-2621

FACSIMILE
(516) 522-2890

March 26, 2004

> The Court agrees that defendant's responses are inadequate and reflects insufficient effort to obtain necessary information. This matter will be further discussed at the next conference which will be held on 4/28/04 at 11:30 A.M. SO ORDERED.
> [signature], USMJ
> 4/23/04

**VIA FACSIMILE ONLY**
Honorable Marilyn Dolan Go
United States District Court Magistrate
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Aramburu v. Healthcare, CV 02 6535 (AAR)(MDG)</u>

Dear Judge Go:

Plaintiff is writing to request sanctions against the Defendant. Due to the Defendant's dilatory tactics and its ongoing refusal to produce relevant information concerning the issues surrounding class certification, Plaintiff requests that the Court issue an order pursuant to Fed. R. Civ. P. 37(b) and (c), deeming that the matters at issue be deemed established, that the Defendant be precluded from offering any testimony, that the answer of the Defendant be stricken, and entering a default judgment against the Defendant. The issues to be deemed established relate to the appropriateness of a class action including whether numerosity, typicality, and commonality are present.

This court had previously ordered the Defendant to respond to Interrogatories 7-9 by providing the number of debtors sent the letter in question in this case. Defendant has provided a Supplemental Answer in response to the Court's order. The Supplemental Answer is included herein.

This Supplemental Answer does not respond to the Court's directive in as much as it fails to address the critical question of how many debtors received the letter in question. Instead, it simply gives us general information by giving the number of accounts that the Defendant serviced for its clients during the relevant period of time. It does not specifically address the question of how many initial contact letters were sent during this period of time.

Although it would seem that the defendant uses the same initial contact letter for all the accounts it services, and furthermore, it would seem from the answer of the Defendant