UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

ELAINA ARMAMBURU,

      Plaintiff,

          <u>ORDER</u>

 - against -

          CV 2002-6535 (ARR)(MDG)

HEALTHCARE FINANCIAL SERVICES, INC.,

      Defendant.

- - - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

 By letter dated March 10, 2006 (ct. doc. 50-1), Lawrence Katz, counsel for plaintiff Elaina Armamburu, seeks to compel discovery and requests sanctions against the defendant for failure to produce financial documents and a list of prospective class members.  Defendant Healthcare Financial Services, Inc. ("HFS") in its opposition papers dated March 29, 2006 states that it "has provided all financial documentation as requested through either formal discovery demands or as requested by the Court in numerous settlement conferences."  Affirmation of David J. Gold, Esq. ("Gold Affirm.") (ct. doc. 51-1) at ¶ 10.  For the following reasons, plaintiff's motion to compel is granted and plaintiff's request for sanctions is granted to the extent as follows.

### **BACKGROUND**

 Plaintiff brings this case against defendant for violation of the Fair Debt Collection Practices Act ("FDCPA").  On April 14, 2005, the Honorable Allyne R. Ross granted plaintiff's

motions for summary judgment and class certification. See ct. doc. 35. The parties were directed to complete discovery regarding prospective class members and damages by January 24, 2006. See minute entry dated 11/17/05. On numerous occasions throughout the discovery process, plaintiff has sought the Court's intervention in obtaining responses to its outstanding discovery requests.

Requests for Documents

In a letter dated October 17, 2003, plaintiff moved to compel responses to its First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents served on March 26, 2003 pertaining to prospective class members and defendant's financials, and for sanctions. See ct. doc. 50-4, Exh. C. At a conference on October 22, 2003, I ordered defendant to respond to plaintiff's interrogatories 7 through 9. See minute entry dated 10/22/03. In a letter dated March 26, 2004, plaintiff again sought to compel defendant to provide the names and addresses of prospective class members and requested sanctions against the defendant for its failure to comply with the Court's October 22, 2003 order. See ct. doc. 50-4, Exh. E. At a conference on April 28, 2004, I ruled that defendant's responses to plaintiff's interrogatories 7 through 9 were inadequate and directed defendant to produce a witness for deposition. See minute entry dated 04/28/04 and endorsed order dated 04/30/04.

In a letter dated July 13, 2005, plaintiff served defendant with a request for specific financial documents. See ct. doc. 50-5, Exh. G. At a conference on July 14, 2005, I ordered defendant to provide the requested financial documents by August 18, 2005. See minute entry dated 07/14/05. Thereafter, during several telephone conferences I ordered the defendant to: "promptly provide additional information to corroborate the information set forth in its financial statements," see minute entry dated 08/24/05; "promptly provide tax returns and ledgers," see minute entry dated 09/22/05; "provide the supporting documentation discussed within one week and tax returns immediately," see minute entry dated 10/12/05; and, "produce additional documents re[garding] its financial condition," see minute entry dated 10/25/05.

Most recently, on February 28, 2006, I denied without prejudice plaintiff's prior letter request dated January 16, 2006 (ct. doc. 43) for sanctions based on defendant's alleged failure to comply with discovery requests and orders of the Court. See minute entry dated 2/28/06. Plaintiff was given a final opportunity to file the herein motion to compel. See id.

Rule 30(b)(6) Deposition

Plaintiff deposed defendant's representative, John G. Chipko, on May 24, 2004. However, plaintiff asserts that the witness gave "evasive answers." See Affirmation of Lawrence Katz, Esq. ("Katz Affirm.") (ct. doc. 50-2) at ¶ 7. Therefore,

plaintiff sought to conduct an additional deposition and on January 12, 2006[1] served defendant with a notice to depose a representative on January 23, 2006 as to the number of class members and their identity, defendant's net worth, and the names of the creditors upon whose behalf such collection letters were sent. See ct. doc. 51-2. Defendant claims that it received plaintiff's notice "three (3) days (including a weekend)" before the noticed deposition date and was therefore unable to produce a witness on such short notice. Gold Affirm. at ¶ 18.

**DISCUSSION**

Motion to Compel

A party may move to compel under Rule 37(d) for failure to respond to interrogatories and document requests. See Fed. R. Civ. P. 37(d). If the motion is granted, a court may impose the sanctions available under Rule 37(b)(2). Id. In addition, a party may challenge an opponent's failure to provide automatic disclosures or to answer specific discovery requests in a motion under Rule 37(a)(2)(A) and seek sanctions enumerated under Rule 37(a)(4). See Fed. R. Civ. P. 37(a).

---

[1] A review of the FedEx tracking results on http://www.fedex.com for tracking number 792630078820 indicates that the package containing the notice of deposition was shipped on January 12, 2006 and was delivered to defendant's counsel's office and signed for on January 13, 2006 at 12:17 p.m.

Plaintiff moves to compel the production of documents based on defendant's failure to produce previously demanded and Court ordered documents. Specifically, plaintiff seeks information regarding prospective class members, shareholders' compensation, transfer of assets, further corroboration of defendant's financial records, and an additional deposition.

*Requests for Documents*

It is well-established that "[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423, 436 (2d Cir. 2001); see Kronisch v. United States, 150 F.3d 112, 126-127 (2d Cir. 1998). The trial judge has the discretion to determine an appropriate sanction, if any, for spoliation. See Fujitsu, 247 F.3d at 436.

Plaintiff seeks information pertaining to the number of prospective class members, including their names and addresses. Defendant has stated numerous times[2] that it is unable to provide statistics concerning the number of initial collection letters

---

[2] See Defendant's Answers to Plaintiff's First Set of Interrogatories dated July 2, 2003; Defendant's Supplemental Answers to Plaintiff's First Set of Interrogatories dated November 5, 2003; Affidavit in Further Support of Notice of Motion to Dismiss Summons by John Chipko sworn to on December 15, 2003; Letter dated March 31, 2004 from David J. Gold, Esq.; Deposition Transcript of John Chipko dated May 24, 2004; and Affidavits in Opposition to Plaintiff's Notice of Motion for Sanctions by John Chipko sworn to on February 13, 2006 and March 29, 2006.

sent as its computer system deletes old account information on a regular basis.  <u>See</u> letter dated March 31, 2004 from David J. Gold, Esq.  However, defendant had notice of this lawsuit when it was served with a copy of the complaint on or about December 20, 2002.  <u>See</u> minute entry dated 12/30/02.  Moreover, defendant had notice that plaintiff was seeking information pertaining to prospective class members on or about March 28, 2003 when it received plaintiff's first formal discovery requests.

While defendant asserts that "[o]n an automatic and periodic basis the data from these claims are 'dumped' from [its] computer system" and that "[t]he data was dumped well before plaintiff made any demands for same" (Affidavit of John Chipko ("Chipko Affid.") (ct. doc. 51-1) at ¶ 21), defendant fails to provide a date or time period when such data was deleted.  Defendant also fails to state whether a diligent effort was made to obtain such information in either electronic or paper format.[3]  Accordingly, I find that further discovery is necessary to determine whether defendant should be subject to sanctions for spoliation.

---

[3] The Court has already found defendant's responses to prior discovery requests to be "inadequate and reflects insufficient effort to obtain necessary information."  <u>See</u> minute entry dated 4/30/04.  Defendant's recent statements indicate that it continues to take a lax approach to its discovery obligations.  For example, defendant stated that "[it] is confident that any expert would relay to the Court that [the list of class members requested by plaintiff] simply *cannot be obtained by the push of a button*."  Chipko Affid. at ¶ 22 (emphasis added).  Defendant also stated that "[it] has clearly honored its burden and provided all relevant financial documentation *in its possession*."  <u>Id.</u> at ¶ 13 (emphasis added).

Therefore, defendant is ordered to provide the Court, within 14 days of this order, with information on when the alleged "data dump" occurred, what information was deleted, and whether backup tapes and/or paper records exist that may provide any information on prospective class members.

Defendant further argues that it has provided responses to plaintiff's "formal" paper demands for discovery. Defendant, by drawing the distinction of form over substance, continues to remain non-compliant in providing further demanded discovery. While some courts have refused to entertain a motion to compel in the absence of a formal request for documents,[4] defendant has not cited, nor is this Court aware of any decision by a court in the Eastern or Southern Districts of New York denying a motion to compel on the basis that the moving party did not make a formal request for production of documents. In fact, it is not uncommon among attorneys in these two districts of New York to utilize less formal methods for making discovery requests. Thus, I find that the plaintiff's letter demands and the Court's orders provided defendant with sufficient information as to the discovery requested by plaintiff.

Defendant has been reminded by this Court, in prior orders, that the financial information sought by plaintiff is relevant in

---

[4] See, e.g., Schwartz v. Marketing Publ'g Co., 153 F.R.D. 16, 21 (D.Conn. 1994) (motion to compel denied where plaintiff only requested production of documents orally at a deposition, followed by a letter to defendants' counsel).

calculating damages in this case, which are based on defendant's net worth. Therefore, defendant is ordered to produce the following documents: cancelled checks for the 2005 calendar year for both its Client Trust account and Operating account; copies of its monthly bank statements from November 2002 through the present for both its Client Trust account and Operating account; tax returns for 2002 and 2005; information regarding shareholder compensation from November 2002 through the present; defendant's minutes relating to net worth, compensation of shareholders, and transfer of assets; and, any and all applications for credit from November 2002 through the present. Such documents must be provided to plaintiff by July 31, 2007.

*Request for Deposition*

A party may move to compel under Fed. R. Civ. P. 37(d) for failure to appear for a deposition. See Fed. R. Civ. P. 37(d). If the motion is granted, a court may impose the sanctions available under Rule 37(b)(2). See id. Plaintiff deposed John Chipko, President of HFS, on May 24, 2004 and seeks to conduct a second Rule 30(b)(6) deposition as defendant's answers were evasive. While plaintiff argues that defendant failed to produce a witness for the January 23, 2006 deposition, there is an issue as to whether defendant was given sufficient notice to produce such a witness.

After reviewing the parties' written submissions and John Chipko's deposition transcript, I find that further examination

of a Rule 30(b)(6) witness with more knowledge is appropriate to allow plaintiff to obtain further information pertaining to defendant's financials and net worth, and conduct discovery with regard to possible spoliation charges. As defendant has stated that it will voluntarily produce a Rule 30(b)(6) witness for a second deposition at a mutually convenient time and location, the parties are ordered to complete the deposition by July 31, 2007.

Motion for Sanctions

Plaintiff moves for sanctions based on defendant's failure to produce previously demanded and Court ordered documents. Rule 37(b)(2) of the Federal Rules of Civil Procedure governs the sanctions that a court may impose for failure to comply with an order to provide discovery. The Rule provides, in pertinent part:

> If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order[.]

Fed. R. Civ. P. 37(b)(2)(A).

A district court has wide discretion in imposing sanctions under Rule 37(b)(2). See Daval Steel Prods. v. M/W Fakvedine, 951 F.2d 1357, 1365 (2d Cir. 1991). It is within a court's discretion to award reasonable expenses and attorneys' fees under Rule 37(b)(2).

-9-

> The purpose for sanctions under Rule 37 is threefold:
>
> > First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 70 (2d Cir. 1988) (citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976)); see also Cine Forty-Second St.Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979). Determination of sanctions "must be weighed in light of the full record in the case." Cine, 602 F.2d at 1068.

All litigants have a duty to comply with discovery requests and court orders. When parties "flout that obligation they ... must suffer the consequences of their actions." Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997) (citing McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988)). Rule 37 "places the burden on the disobedient party to avoid expenses [including attorneys' fees] by showing that his failure is justified or that special circumstances make an award of expenses unjust." JSC Foreign Economic Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc., No. 03 Civ. 5562 (JGK)(AJP), 2005 WL 1958361, at *11 (S.D.N.Y. Aug. 16, 2005) (quoting 1970 Advisory Committee Notes to Rule 37(b)). "An award of reasonable fees incurred in bringing a motion to compel discovery is the least harsh of all

the sanctions allowed under Rule 37." Id. Under Rule 37, "a finding of bad faith or willful misconduct is not required before the Court can award attorneys' fees." Id. at *12.

Discovery has proceeded at a slow pace. Much of the delay is attributable to defendant's failure to comply with discovery requests and orders in a timely fashion. Defendant is not substantially justified for failing to produce the documents requested by plaintiff or ordered by the Court. While defendant initially raised objections of relevancy to some of plaintiff's interrogatories and document requests, the Court's orders clearly instructed defendant to respond to plaintiff's interrogatories 7 through 9. See minute entry dated 10/22/03. Furthermore, the Court repeatedly ordered defendant to provide information relating to its financial condition. See minute entries 07/14/05 (provide requested financial documents by August 18, 2005); 08/24/05 (promptly provide additional information to corroborate information set forth in financial statements); 09/22/05 (promptly provide tax returns and ledgers); 10/12/05 (provide the supporting financial documentation and tax returns immediately); and 10/25/05 (produce additional documents regarding its financial condition). To the extent defendant has provided discovery, the responses have resulted only after numerous applications by plaintiff and orders by the Court. Nevertheless, defendant has yet to produce outstanding financial documents demanded by plaintiff in a letter dated July 13, 2005 and ordered

by the Court on several occasions between July 2005 and October 2005.

This Court previously gave defendant warnings to comply with plaintiff's discovery requests and prior Court orders, but did not impose sanctions. I now find that sanctions are appropriate here in order to deter defendant from continuing to disobey Court orders and ignoring valid discovery requests. Accordingly, this Court sanctions defendant for the costs and fees expended by plaintiff in its effort to obtain outstanding discovery. Since this Court is not certain whether the defendant's disregard of discovery requests and orders is the fault of the client or counsel, said sanction is imposed jointly on both. See Apex Oil Co. v. Belcher Co. of New York, Inc., 855 F.2d 1009, 1014 (2d Cir. 1988) (Rules 37(a) and 37(d) permit imposition of monetary sanctions on counsel).

Plaintiff's request for damages to be entered in the amount of $500,000.00 is denied as this Court, in keeping with the purpose of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, seeks to eliminate abusive debt collection practices, while "ensur[ing] that defendants are not forced to liquidate their companies in order to satisfy an award of punitive damages." Sanders v. Jackson, 209 F.3d 998, 1002 (7th Cir. 2000).

Thus, this Court finds that defendant has been given ample opportunity to respond to plaintiff's discovery requests, as

ordered. This Court awards plaintiff $500.00 for costs and attorneys' fees. Defendant is warned that further and more severe sanctions could be imposed if it fails to respond to discovery requests. Since the information sought regarding defendant's net worth is necessary to calculate the statutory damages in the case, further general objections to production of such information will not be accepted.

## **CONCLUSION**

For the foregoing reasons, defendant must provide all outstanding financial documents and the parties must complete defendant's Rule 30(b)(6) deposition by July 31, 2007. Furthermore, defendant and its counsel must pay plaintiff $500.00 for reasonable expenses and attorneys' fees incurred in making the herein motion. Defendant is warned that if it fails to comply with this order or to respond to future discovery requests and orders in a timely fashion, further and more drastic sanctions will be imposed.

**SO ORDERED.**

Dated: Brooklyn, New York
       July 6, 2007

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE